# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Stephan Sebastian Orozco (English)       **Dkt. No.:** 22CR01950-001-GPC

**Reg. No.:** 13233-510

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 18 U.S.C. § 924(m), Stealing Firearms from a Federal Firearms Licensee, a Class C felony.

**Date of Sentence:** January 13, 2023

**Sentence:** 15 months' custody; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On May 27, 2025, Mr. Orozco's conditions of supervised release were modified to include reside in a residential reentry center (RRC) as directed by the probation officer for a period of 90 days (punitive).

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** November 17, 2023

**Asst. U.S. Atty.:** Joshua Mellor       **Defense Counsel:**       Frank Balistrieri
Appointed
(619) 881-7487

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about September 14, 2025, Mr. Orozco committed child abuse under circumstances likely to cause great bodily injury or death, in violation of California Penal Code § 273a(a), as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. JCF009336.<br><br>2. On or about September 14, 2025, Mr. Orozco resisted, delayed, or obstructed a public, peace officer, or emergency medical technician, in violation of California Penal Code § 148(a)(1), as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. JCF009336. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed the complaint filed in Superior Court of California, County of Imperial, Case No. JCF009336, and El Centro Police Department, Incident Report No. 25-021846, which confirm the following: Officers were dispatched to a residence on West Sandalwood Avenue, El Centro, in reference to a burglary in progress. Upon arrival, officers made contact with the reporting party, later identified as Moises Ibarra, who was involved in a physical altercation with Mr. Orozco when officers arrived. Mr. Orozco exhibited verbally aggressive behavior towards the officers by tensing his arms and trying to kick officers. Mr. Orozco subsequently refused to walk to the unit and required three officers to physically place him into handcuffs.

According to Mr. Ibarra, they had been having a small gathering at the residence the previous night to watch boxing. He indicated they were consuming alcohol at the gathering. Mr. Ibarra indicated an argument started when Mr. Orozco made a comment about Mr. Ibarra's baby, which he perceived it as disrespectful. Mr. Orozco was subsequently asked to leave the residence if he was going to be disrespectful. Mr. Ibarra indicated he was sitting in a chair in the dinning room when he felt punches to his face. He advised he could not recall how many times Mr. Orozco struck him. Mr. Ibarra advised he started to defend himself by trying to hit Mr. Orozco back after Mr. Orozco continued to hit him. Mr. Ibarra sustained multiple contusions on the right side of his face and was observed bleeding from the top of his head. Officers attempted to take pictures of the injuries Mr. Ibarra sustained; however, he refused to have pictures taken and was uncooperative.

According to Mr. Ibarra's girlfriend, identified as Julia Perez, she advised she remembered going to sleep around 0230 – 0300 hours, and she woke up to Mr. Ibarra and Mr. Orozco yelling at each other. Ms. Perez advised she told Mr. Orozco to leave the residence; however, he would not listen, and Mr. Orozco and Mr. Ibarra then got into a physical altercation. She stated that while holding her daughter, she attempted to intervene during the altercation, and her daughter was struck on the left arm by Mr. Orozco. Officers observed some redness and a small bruise on the infant's left arm. Officers took pictures of the infant's arm and requested medical personnel on the scene to check on the infant's arm. Medical staff subsequently advised officers the infant was okay.

Mr. Orozco did not make any statements following his Miranda Rights. However, he indicated that he cares for the infant and would not intentionally cause her harm. He further noted if he struck her, it was an accident and not intentional. Mr. Orozco was transported to the Imperial County Jail for processing.

A review of the complaint filed in the Imperial County (California) Superior Court on September 16, 2025, under Case No. JCF009336, reveals Mr. Orozco was charged with the following: (Count 1) child abuse under circumstances or conditions likely to cause great bodily injury or death, in violation of California Penal Code § 273a(a); and (Count 2) resisting, delaying, obstructing a public officer, peace officer, or emergency medical technician, in violation of California Penal Code § 148(a)(1). Mr. Orozco is scheduled to appear for his Preliminary Hearing Readiness Conference on September 25, 2025, and a Preliminary Hearing on October 2, 2025.

**(Mandatory Condition)**
The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3. On September 5, 2025, Mr. Orozco failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the U.S. Probation Office, as required.

***Grounds for Revocation:*** As to allegation 3, I have received and reviewed the Chain of Custody for Drug Analysis form, which confirms that on the above dates, Mr. Orozco failed to submit a urine sample, as required. On February 6, 2025, the probation officer reviewed written instructions for drug testing with Mr. Orozco, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Orozco was instructed to call the drug testing line after 8:15PM before each testing day, and report for testing when instructed to do so by the automated recording. Testing days are Monday through Friday.

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Following his release from custody, Mr. Orozco reported to the probation office for further supervision instructions. In addition to advising Mr. Orozco of his conditions of supervised release and reviewing his judgment and commitment order, the probation officer enrolled him in formal drug testing, which he successfully completed in April 2024.

In June 2024, after further review of his case, it was determined Mr. Orozco was eligible for transfer to an administrative caseload as a result of his lower risk classification and positive adjustment to supervision at that time. He was subsequently transferred to the administrative caseload.

In a previous court correspondence dated June 2025, Your Honor was advised Mr. Orozco was in violation of his conditions of supervised release. The probation officer recommended the Court revoke supervised release and impose a custodial sanction of four months. In July 2025, Mr. Orozco was found in violation of his conditions of supervised release; however, he was continued on supervision under the previously imposed conditions with the addition of the condition requiring him to reside in a residential reentry center for a period up to 60 days (non-punitive) and that he participate in a cognitive behavioral treatment program. Mr. Orozco was subsequently on a waitlist for placement into the next Cognitive Behavioral Therapy session. In the meantime, although he remained unemployed, he continued school with Imperial Valley College. He appeared to be in general compliance until information was received that Mr. Orozco was arrested for the violations as alleged herein.

Overall, his supervision adjustment, can best be described as poor.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Orozco is a 22-year-old Hispanic male, who resides in El Centro, California. During his term of supervised release, Mr. Orozco was sporadically employed with McDonalds and Buffalo Wild Wings. He is currently unemployed. According to the presentence report, Mr. Orozco has no prior convictions. With respect to his current supervised release term, the Court has been notified of noncompliance in this matter on seven occasions.

According to the presentence report, Mr. Orozco started using marijuana at the age of 16 and last used the drug in February 2025. He started consuming alcohol at 18 years of age and drank two to three cans of alcohol weekly. At the age of 18, he started using LSD and was using the drug approximately once a month or every other month and last used at the age of 19. He started using Xanax at the age of 17 and last used at the age of 20. He reported he was taking six pills four times per week. It appears Mr. Orozco has also used cocaine during his supervision term, as evidenced by the laboratory confirmation.

At the time of the presentence investigation, Mr. Orozco reported he was diagnosed with attention deficit hyperactivity disorder (ADHD) at the age of 6 by Imperial County Behavioral Health Services, in El Centro. He was prescribed medication, which he last took at the age of 13. He further reported experiencing depression for a year between the ages of 18 to 20. Mr. Orozco denied any prior mental or emotional health treatment and stated he was not interested in these services.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves committed child abuse which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 years</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Based on the nature and seriousness of Mr. Orozco's recent arrest, he poses a risk to himself and the community. Therefore, the issuance of a warrant for his arrest is recommended at this time.

## RECOMMENDATION/JUSTIFICATION

In June 2025, the probation officer submitted a petition for warrant in this matter and recommended revocation of supervised release. The Court generously granted Mr. Orozco an opportunity to avoid incarceration and continued him on supervised release, without a revocation. Unfortunately, despite his last appearance before Your Honor just a couple of months ago, Mr. Orozco has failed to grasp the seriousness of his actions. At this juncture, Mr. Orozco continues to make poor choices, which have impacted those around him.

Mr. Orozco has failed to take the consequences of his actions seriously and has demonstrated a complete disregard for the safety of an innocent child, as well as a disregard for the Court's orders. Considering the aforementioned, it is respectfully recommended that should Mr. Orozco be found in violation, his supervised release be revoked and he be sentenced to 10 months' custody, with 12 months of supervised release to follow. All previously imposed conditions are recommended, with the exception of the 60-day punitive placement at a residential reentry center (RRC).

The recommendation takes into account the multiple opportunities the Court has afforded Mr. Orozco, and his continued failure to abide by the Court's orders. The custodial sanction will demonstrate to Mr. Orozco that his continued noncompliance is not permissible and will not be tolerated.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: September 24, 2025**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by

Amanda Behl
U.S. Probation Officer
(760) 339-4203

Reviewed and approved:

Lorena Gonzalez
Supervisory U.S. Probation Officer

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Orozco, Stephan Sebastian

2. **Docket No.** (Year-Sequence-Defendant No.): 22CR01950-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Committed child abuse | B |
| Resisted arrest | C |
| Failure to submit to drug testing | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

## THE COURT ORDERS:

_4_ AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

(Currently detained at Imperial County Jail under Booking No. 25003066)

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____
The Honorable Gonzalo P. Curiel
U.S. District Judge

_09/29/25_
Date

AD